```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| CHANDRA EVANS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 09-2491 |
| | ) |
| WALGREEN COMPANY, | ) |
| | ) |
|    Defendant. | ) |

**ORDER DENYING DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S ORDER
DENYING DEFENDANT'S MOTION TO STRIKE**

Before the Court is Defendant Walgreen Company's May 25, 2011 Appeal of the Magistrate Judge's Denial of Defendant's Motion to Strike Specific Statements Asserted in Plaintiff's Affidavits Respectively Filed on October 15, 2010 and November 14, 2010. (Def.'s Appeal of the Magistrate Judge's Denial of Def.'s Mot. to Strike Specific Statements Asserted in Pl.'s Affs. Respectively Filed on October 15, 2010 and November 14, 2010, ECF No. 121.) ("Walgreens Appeal") Plaintiff Chandra Evans ("Evans") responded in opposition on June 3, 2011. (Pl.'s Resp. to Def.'s Objections to Magistrate Judge Tu M. Pham's May 16, 2011 Order, ECF No. 126.) ("Evans' Resp.") For the following reasons, Walgreen Company's objections to the Magistrate Judge's order are OVERRULED.

    **I.    Background**

On November 24, 2010, Walgreen Company ("Walgreens") filed a motion to strike certain statements in Evans' affidavits and Evans' additional statements of facts set forth in her responses to Walgreens' motions for summary judgment. (Def.'s Mot. to Strike Specific Statements Asserted in Pl.'s Affs. Respectively Filed on October 15, 2010 and November 14, 2010 and Statements of Fact Asserted in Documents 62 and 63 in Violation of the Local Rules of this Court, ECF No. 66.) ("Walgreens Mot. to Strike") Evans responded in opposition on November 29, 2010. (Pl.'s Resp. and Mem. in Opp'n to Def.'s Mot. to Strike Portions of Pl.'s Affs., ECF No. 67.) The Court referred Walgreens' motion to the Magistrate Judge for a determination. (Order of Reference, ECF No. 69.)

On May 16, 2011, the Magistrate Judge denied Walgreens' motion. (Order Denying Walgreens Company's Mot. to Strike, ECF No. 120.) ("Magistrate Judge's Order") He found that Evans' statements in her affidavits relating to "coercion" by Walgreens, her reasons for moving to Memphis, whether she signed or acknowledged any agreements with Walgreens, and Walgreens' replacing her with a Caucasian employee did not directly contradict her deposition testimony and declined to strike those statements. (See id. at 4-13.) He also declined to strike Evans' statement of additional facts. (See id. at 13-14.)

Walgreens appealed to this Court on May 25, 2011. (Walgreens Appeal 20.) In its appeal, Walgreens argues that the Magistrate Judge's legal conclusions are contrary to law and that Evans' statements in her affidavits should be struck because they contradict her deposition testimony. (See id. at 2-19.) In her response to Walgreens' appeal, Evans disagrees, arguing that there are no inconsistencies between her deposition testimony and her affidavits and that the Magistrate Judge was correct. (See Evans' Resp. 1-15.)

**II. Standard of Review**

"When a party objects to a magistrate judge's ruling on a non-dispositive matter, the district judge 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" E.E.O.C. v. Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quoting Fed. R. Civ. P. 72(a)); accord Bell v. Ameritech Sickness & Accident Disability Benefit Plan, 399 F. App'x 991, 997 n.5 (6th Cir. 2010) ("Under 28 U.S.C. § 636(b)(1)(A), a district judge may refer a nondispositive pretrial matter to a magistrate to hear and decide. The magistrate judge must then issue an 'order stating the decision.' Unlike the 'recommended disposition' that a magistrate judge issues on a dispositive motion, this order is binding. The parties may object to the order, but it remains

binding except to the extent that the district court modifies or sets aside any part of the order that is clearly erroneous or contrary to law.") (citations omitted); Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures." (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a))); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001) ("A district court shall apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive' preliminary measures of § 636(b)(1)(A)." (citing United States v. Raddatz, 447 U.S. 667, 673 (1980))).

"The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [his] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d at 605 (quoting Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994)). "A district court's review under the contrary to law standard is plenary, and it may overturn any conclusions of law which contradict or ignore applicable precepts of law . . . Thus, [a district court] must exercise its independent judgment with respect to a Magistrate Judge's legal conclusions." Id. at 605-06 (quoting Gandee, 785 F. Supp. at 686) (internal quotation marks omitted).

**III. Analysis**

Walgreens argues that certain portions of Evans' affidavits should be struck: (1) allegedly conclusory statements in paragraphs 14 and 18 of Evans' affidavits; (2) Evans' statements in paragraphs 14 and 18 of her affidavits that Puamuh Ghogomu ("Ghogomu"), an in-house counsel for Walgreens who works in the employee relations department, told her what to write in a statement Evans provided to Walgreens; (3) Evans' statements in her affidavits about her reasons for moving to Memphis; and (4) Evans' statements in paragraph 4 of her affidavits that she did not sign or acknowledge an agreement about her bonus. (See Walgreens Appeal 4-19.)  Evans disagrees and argues that the Magistrate Judge correctly denied Walgreens' motion to strike. (See Evans' Resp. 1-15.)

    **A.   Allegedly Conclusory Statements in Paragraphs 14 and 18 of Evans' Affidavits**

Walgreens argues that paragraphs 14 and 18 of Evans' affidavits contain conclusory statements that the Court should not consider as part of its summary judgment analysis. (See Walgreens Appeal 5.)  The portions of paragraphs 14 and 18 to which Walgreens objects state:

> I was led by Ghogomu to believe that if I did [meet with Steve Walker and Jacob Tibbe and provide statements to them] everything would be fine, and I would be allowed to continue to work at Walgreens.
>
> . . .

5

> My statement was coerced by Walgreen's management, including Ghogomu who gave me legal advice as to whether to prepare the statement . . . .

(Aff. of Chandra Evans ¶¶ 14, 18, ECF No. 62-1; Aff. of Chandra Evans ¶¶ 14, 18, ECF No. 63-1.)

As a threshold matter, Walgreens does not appear to have expressly made this argument to the Magistrate Judge in its motion to strike.  (See Walgreens Mot. to Strike 1-2; Mem. in Supp. of Def.'s Mot. to Strike Specific Statements Asserted in Pl.'s Affs. 1-13, ECF No. 66-1.)  The Magistrate Judge did not address Walgreens' argument in his order.  (See Magistrate Judge's Order 1-14.)  Because "[t]his Court cannot address arguments on objection to a nondispositive pretrial order unless the Magistrate Judge had occasion to address them," Walgreens has waived this argument.  Hann v. Michigan, No. 05-CV-71347, 2007 WL 4219384, at *3 (E.D. Mich. Nov. 29, 2007) (citation omitted).

Regardless, Evans' statements explain her motivations for taking certain actions, providing context for issues in this case.  They are not her only evidence in opposing Walgreens' summary judgment motions.  Walgreens' argument that these statements should be struck because they are irrelevant is not well-taken.  (See Walgreens Appeal 5.)

### B.  Evans' Statements in Paragraphs 14 and 18 of Affidavits that Ghogomu Told Her What to Write in Statement

Walgreens argues that Evans' statements in paragraphs 14 and 18 of her affidavits that Ghogomu told her what to write in a statement she provided to Walgreens should be struck because they directly contradict her deposition testimony.  (See id. 5-12.)  Alternatively, Walgreens argues that the statements are an attempt to create a sham issue of fact and should be disregarded.  (See id. at 5, 12-13.)

Evans states in paragraphs 14 and 18 of her affidavits:

> During the conversations with me, Ghogomu repeated to me what others were saying about what allegedly happened during the incidents we discussed.  He told me his [sic] is what he wanted me to include in my written statement.  He told me that I should meet with Steve Walker and Jacob Tibbe and provide these statements to these men.  I was led by Ghogomu to believe that if I did that everything would be fine, and I would be allowed to continue to work at Walgreens.
>
> . . .
>
> My statement was coerced by Walgreen's management, including Ghogomu who gave me legal advice as to whether to prepare the statement and what should be included in it.

(Aff. of Chandra Evans ¶¶ 14, 18, ECF No. 62-1; Aff. of Chandra Evans ¶¶ 14, 18, ECF No. 63-1.)  As the Magistrate Judge noted, Evans was not asked during her deposition whether Ghogomu told her what information to include in her written statement, why she agreed to provide the written statement, and whether she

7

felt she would be able to keep her job if she provided a statement. (See Magistrate Judge's Order 6; see also Walgreens Appeal 5-10; Evans Dep., ECF No. 66-4.)

"[A] district court deciding the admissibility of a post-deposition affidavit at the summary judgment stage must first determine whether the affidavit directly contradicts the nonmoving party's prior sworn testimony." Aerel, S.R.L. v. PCC Airfoils, L.L.C., 448 F.3d 899, 908 (6th Cir. 2006) (citation omitted). "A directly contradictory affidavit should be stricken unless the party opposing summary judgment provides a persuasive justification for the contradiction." Id. (citation omitted). "If, on the other hand, there is no direct contradiction, then the district court should not strike or disregard that affidavit unless the court determines that the affidavit 'constitutes an attempt to create a sham fact issue.'" Id. (citation omitted); accord O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 593 (6th Cir. 2009). When a party who was not directly questioned about an issue supplements incomplete deposition testimony with a sworn affidavit, "[s]uch an affidavit fills a gap left open by the moving party and thus provides the district court with more information, rather than less, at the crucial summary judgment stage." Aerel, S.R.L., 448 F.3d at 907.

Here, the Magistrate Judge correctly found that paragraphs 14 and 18 of Evans' affidavit do not directly contradict her deposition testimony. (See Magistrate Judge's Order 6.) This is not a case of direct contradiction, as when a deponent states a fact during her deposition and denies that fact in her post-deposition affidavit. See, e.g., White v. Baptist Mem'l Health Care Corp., No. 08-2478, 2011 WL 1100242, at *6 (W.D. Tenn. Mar. 23, 2011) (finding direct contradiction and disregarding part of a plaintiff's affidavit where the plaintiff stated during her deposition that she recorded in an exception log when she did not receive a full lunch break and asserted in a post-deposition affidavit that she "did not know [she] could claim payment for meal breaks when [she] was interrupted and did not receive [her] entire break").

Walgreens has not demonstrated that the Magistrate Judge's order denying its motion to strike the statements in paragraphs 14 and 28 of Evans' affidavits is clearly erroneous or contrary to law. Walgreens also has not demonstrated that the Magistrate Judge erred in concluding that Evans' affidavit is not an attempt to create a sham fact issue. Therefore, Walgreens' objections to those aspects of the Magistrate Judge's order are overruled. See Bell, 399 F. App'x at 997 n.5; Baker, 67 F. App'x at 310; Curtis, 237 F.3d at 603; Burlington N. & Santa Fe

Ry. Co., 621 F. Supp. 2d at 605; see also O'Brien, 575 F.3d at 593; Aerel, S.R.L., 448 F.3d at 908.

### C. Evans' Statements in Affidavits About Reasons for Moving to Memphis

Walgreens argues that Evans' statements in her affidavits and memoranda about her reasons for moving to Memphis should be struck because they directly contradict her deposition testimony. (See Walgreens Appeal 13-16.) Evans states in her affidavits:

> I was recruited to come and work in Memphis by Walgreens representative Eugene Hoover, who made promises to me to convince me to leave North Carolina and come to Memphis.
>
> Mr. Hoover discussed the sign-on bonus and relocation with me and never informed me of any obligation to repay the bonuses if Walgreens terminated me. Hoover also informed me that Walgreens would employ me as a pharmacist for at least three years since it was providing me with the sign-on bonuses.
>
> In reliance on Walgreens' representation, I moved from North Carolina to Memphis in or about August 2006. I graduated from pharmacy school in December 2006 and became a licensed pharmacist in January 2007.
>
> In or about 2006, while a resident of the State of North Carolina, I had a lengthy conversation with Eugene Hoover wherein after he discussed with me the bonus and other benefits, he told me I would work in the East district of Memphis for three (3) years once I arrived in Memphis. Hoover never told me that there was any expectation that any compensation provided to [me] would ever have to be repaid.
>
> Based on Mr. Hoover's contractual promises, I chose to uproot from my family and move to Memphis to work with Walgreen.

10

(Aff. of Chandra Evans ¶¶ 3-5, ECF No. 46-1; Aff. of Chandra Evans ¶¶ 3, 5-6, ECF No. 62-1; Aff. of Chandra Evans ¶¶ 3, 5-6, ECF No. 63-1.)

Evans testified during her deposition that she did not recall or remember many of the details of the conversations she had with Hoover or other Walgreens representatives. (See Magistrate Judge's Order 8; see also Walgreens Appeal 14-16; Evans Dep., ECF No. 66-4.) When asked, "[W]hat prompted you to, I guess, take an option to come to Memphis versus staying in North Carolina," Evans responded, "There was no particular reason." (Evans. Dep. 148:1-4.) She also said that there were no particular advantages in moving to Memphis and that Hoover made no promises to her about "working at this particular store or this district." (See id. 148:5-11, 149:8-14.)

The Magistrate Judge is correct that Evans' statements in her affidavits do not directly contradict her deposition testimony. (See Magistrate Judge's Order 8.) Unlike White, Evans never affirmatively stated a fact during her deposition and then asserted the opposite in a post-deposition affidavit. See White, 2011 WL 1100242, at *6. The statements in her affidavits are not an attempt to create a sham fact issue. Walgreens has not demonstrated that the Magistrate Judge's order denying its motion to strike Evans' statements about her reasons for moving is clearly erroneous or contrary to law. Therefore,

11

Walgreens' objections to that aspect of the Magistrate Judge's order are overruled. See Bell, 399 F. App'x at 997 n.5; Baker, 67 F. App'x at 310; Curtis, 237 F.3d at 603; Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d at 605; see also O'Brien, 575 F.3d at 593; Aerel, S.R.L., 448 F.3d at 908.

> **D. Evans' Statements in Paragraphs 4 and 8 of Affidavits that She Did Not Sign or Acknowledge an Agreement About Bonus**

Walgreens argues that Evans' statements in her affidavits denying that she signed or acknowledged an agreement about her bonus should be struck because they directly contradict her deposition testimony. (See Walgreens Appeal 16-18.) Evans stated in her affidavits:

> I did not sign the documents that are attached to Defendant's counterclaim.
>
> The first time I saw the alleged written bonus document was during the course of this litigation. I did not sign or acknowledge this agreement.

(Aff. of Chandra Evans ¶ 8, ECF No. 46-1; Aff. of Chandra Evans ¶ 4, ECF No. 62-1; Aff. of Chandra Evans ¶ 4, ECF No. 63-1.) Evans testified during her deposition that she did not remember receiving a copy of the agreement or signing any agreements with Walgreens. (See Magistrate Judge's Order 11-12; see also Walgreens Appeal 17; Evans Dep., ECF No. 66-4.)

The Magistrate Judge is correct that Evans' statements in her affidavits do not directly contradict her deposition

testimony. (See Magistrate Judge's Order 11-12.) Evans never testified that she did or did not sign the bonus agreement. (See, e.g., id.; Evans Dep., ECF No. 66-4.) The statements in her affidavits are not an attempt to create a sham fact issue. Walgreens has not demonstrated that the Magistrate Judge's order denying its motion to strike Evans' statements in her affidavits that she did not sign or acknowledge an agreement about her bonus is clearly erroneous or contrary to law. Therefore, Walgreens' objections to that aspect of the Magistrate Judge's order are overruled. See Bell, 399 F. App'x at 997 n.5; Baker, 67 F. App'x at 310; Curtis, 237 F.3d at 603; Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d at 605; see also O'Brien, 575 F.3d at 593; Aerel, S.R.L., 448 F.3d at 908.

**IV. Conclusion**

For the foregoing reasons, Walgreens' objections to the Magistrate Judge's order are OVERRULED. The statements in Evans' affidavits that Walgreens challenges do not directly contradict her deposition testimony and do not constitute sham issues.

So ordered this 5th day of July, 2011.

                                            s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE